IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SERO, INC.** dba Beast, an Oregon corporation, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CONTINENTAL WESTERN INSURANCE COMPANY,** an Iowa Corporation**, *et al*.**,<br><br>Defendants. | Case No. 3:20-cv-776-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on January 10, 2022. Judge You recommended that this Court grant the motion for judgment on the pleadings (ECF 55) filed by Defendant Continental Western Insurance Company (Continental) and dismiss the case with prejudice.[1] ECF 64.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

---

[1] The other Defendants in this case were previously dismissed pursuant to a stipulated notice of dismissal filed by the parties.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff Sero, Inc., timely filed an objection, to which Defendant Continental responded. Plaintiff objects to the portion of Judge You's recommendation finding that the coronavirus or government shutdown orders do not cause "direct physical loss or damage to" property within the meaning of applicable insurance policies. Plaintiff objects that Judge You did not apply binding Oregon law and that, alternatively, because the Oregon appellate courts may soon weigh in on this particular contract interpretation question, this Court should hold the proceeding in abeyance pending resolution of this question as a matter of law by either the Ninth Circuit or the Oregon state courts.

PAGE 2 – ORDER

This Court has previously reached substantially the same conclusion as Judge You, in considering whether shutdown orders issued pursuant to the COVID-19 pandemic constitute "direct physical loss of or damage to" property under the language of an applicable insurance agreement, applying Oregon law. *Zeco Dev. Grp., LLC v. First Mercury Ins. Co.*, 2022 WL 444400 (D. Or. Feb. 14, 2022). In *Zeco*, the insured challenged its insurer's refusal to cover the loss of the insured's intended use of its property resulting from government-mandated shutdowns in response to the COVID-19 pandemic. *Id.* at *1. The insurer moved for summary judgment and the insured moved the Court to certify two questions to the Oregon Supreme Court regarding the interpretation of provisions in its insurance agreement. *Id.* This Court denied the insurer's motions to certify questions to the Court, holding in part that

> Oregon appellate courts have offered sufficient guidance suggesting that the Oregon Supreme Court would conclude that the plain meaning of "direct physical loss of or damage to" property requires dispossession or physical alteration to the property. Considering that guidance, the fact that the Oregon courts have not answered the precise question presented here does not warrant certification.

*Id.* at *2 (citations omitted). As this Court noted in *Zeco*, other courts applying Oregon law have reached similar conclusions. *See, e.g.*, *Zedan Outdoors, LLC v. Ohio Sec. Ins. Co.*, 2022 WL 298337, at *6 (D. Or. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 294953 (Feb. 1, 2022); *Dakota Ventures, LLC v. Or. Mut. Ins. Co.*, 2021 WL 3572657, at *7 (D. Or. 2021) (concluding that "direct physical loss of or damage to" property requires the insured "to lose of possession of its property or demonstrate a physical alteration in the condition of its property for coverage to apply"); *Columbiaknit, Inc. v. Affiliated FM Ins. Co.*, 1999 WL 619100, at *5 (D. Or. Aug. 4, 1999) ("The policy language in this case is not ambiguous. Therefore, only direct, physical loss of or damage to covered property is covered by the policy. This conclusion is consistent with plaintiff's assertion that all of the property has suffered direct, physical

PAGE 3 – ORDER

loss. . . . the policy issued to plaintiff by defendant does not cover consequential or intangible damage."); *Great N. Ins. Co. v. Benjamin Franklin Fed. Sav. & Loan Ass'n*, 793 F. Supp. 259, 263 (D. Or. 1990) ("In this case, the policy language is even more specific than the language in *Wyoming Sawmills*. It uses the term '*direct* physical loss[.]' There is no evidence here of physical loss, direct or otherwise. The building has remained physically intact and undamaged. The only loss is economic."). Likewise, as Judge You described in her Findings and Recommendation, state and federal courts around the country have overwhelmingly concluded that neither COVID-19 nor the governmental orders associated with the pandemic cause or constitute property loss or damage for purposes of insurance coverage. ECF 64, at 11 (collecting cases); *see also Fortuna Cannery, LLC v. Westchester Surplus Lines Ins. Co.*, 2022 WL 658710, at *6 (D. Or. Feb. 2, 2022), *report and recommendation adopted*, 2022 WL 657345 (D. Or. Mar. 4, 2022) (same).

Plaintiff has offered no compelling reason as to why this Court should diverge from the analysis applied in these various cases. Additionally, the Court is not persuaded that it is appropriate to stay this case in abeyance pending resolution of this matter by the Oregon state courts, when the Oregon courts have provided sufficient guidance on the question at hand.

The Court **ADOPTS** Judge You's Findings and Recommendation (ECF 64). The Court **GRANTS** Defendant's motion for judgment on the pleadings (ECF 55) and dismisses the case with prejudice.

**IT IS SO ORDERED.**

DATED this 26th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge